# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff

v.

8FORCE ASSETS, LCC, et al.,

    Defendants

Case No.: 2:17-cv-02036-APG-GWF

**Order Granting in Part Motion for Summary Judgment**

[ECF No. 62]

Plaintiff Scottsdale Insurance Company brought suit to determine its obligations under an insurance policy that it issued to defendant 8Force Assets, LLC.  It also seeks to recover $99,774.66 it has paid under the policy.  Scottsdale contends that it owes no duty to defend or indemnify 8Force for losses from a fatal fire at 8Force's apartment complex that occurred on the same day the policy was issued.  Scottsdale asserts that several hours after the fire, 8Force signed a "no known loss" letter and misrepresented that it had no knowledge of pending losses. Scottsdale asserts claims for fraud, declaratory relief, material misrepresentation, rescission and restitution, and unjust enrichment. ECF No. 56.

Scottsdale moves for summary judgment on its rescission claim, arguing that Nevada Revised Statutes § 687B.110 allows an insurer to rescind a policy based on material misrepresentations.  Scottsdale also moves for judgment on its fraud and negligent misrepresentation claims because one of 8Force's members, defendant Arpad Baron, failed to disclose the fire in both the policy application and the no known loss letter.  Finally, Scottsdale contends it is entitled to a declaration that it owes no duty to indemnify 8Force because, as a matter of law, insurance cannot be purchased to cover a loss the insured already suffered.  8Force

responds that issues of fact remain because Baron has testified that he did not know about the fire when he signed the application and letter on 8Force's behalf. 8Force also argues that the letter is not part of the application as that term is used in § 687B.110, so any misstatements in the letter cannot support rescission.

The parties are familiar with the facts of this case, so I will not repeat them here except where necessary. I grant Scottsdale's motion on its rescission and restitution claim. Section 687B.110 allows an insurer to rescind a policy when a misrepresentation or incorrect statement was material or where the insurer in good faith would not have issued the policy if it had known the true facts. A fatal fire would be material to acceptance of the risk, and had Scottsdale known of the fire it would not have agreed to cover that loss. This renders moot the request for declaratory relief, so I deny Scottsdale's motion on its declaratory relief claim. I deny Scottsdale's motion on its misrepresentation claims because issues of fact remain about 8Force's intent or lack of reasonable basis for its representations in the application and letter.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

(9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523

F.3d 915, 920 (9th Cir. 2008).

## A. Rescission Under § 687B.110

Section 687B.110 states:

> All statements and descriptions in any application for an insurance policy
> or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to
> be representations and not warranties. Misrepresentations, omissions,
> concealment of facts and incorrect statements shall not prevent a recovery under
> the policy or contract unless either:
> 1. Fraudulent;
> 2. Material either to the acceptance of the risk, or to the hazard assumed
> by the insurer; or
> 3. The insurer in good faith would either not have issued the policy or
> contract, or would not have issued it at the same premium rate, or would not have
> issued a policy or contract in as large an amount, or would not have provided
> coverage with respect to the hazard resulting in the loss, if the true facts had been
> made known to the insurer as required either by the application for the policy or
> contract or otherwise.

8Force contends § 687B.110 does not apply because the no known loss letter is not part

of the application. Even if the letter is not part of the application, the application contains an

incorrect statement. In the application's loss history section, which required the insured to

identify any losses or occurrences "that may give rise to claims for the prior 5 years," the January

2017 fire was not disclosed. ECF No. 62-20 at 9. It is undisputed that the fire occurred before

the application was submitted to Scottsdale. *Id.* at 2; *see also* ECF No. 62-5 at 18-19. No

genuine dispute remains that this incorrect statement was material. Scottsdale has presented

evidence that it would not have issued the policy had it known about the fire. ECF No. 62-18 at 3. 8Force presents no contrary evidence. Scottsdale therefore is entitled to rescind the policy under § 687B.110(2) as a matter of law.

Scottsdale also is entitled to rescind under § 687B.110(3). That section provides for rescission if the true facts were not made known to the insurer "as required either by the application for the policy or contract or otherwise." The "otherwise" in this context is the no known loss letter, which Scottsdale required 8Force to sign before it would issue the policy. *See* ECF No. 62-18 at 2-3; 62-20 at 6. The true facts were not made known to the insurer because at the time Baron signed the letter, the fire had already occurred but was not disclosed in the letter. No genuine dispute remains that if Scottsdale knew about the fire, it in good faith would not have issued the policy. ECF No. 62-18 at 3. Scottsdale therefore is entitled to rescind the policy under § 687B.110(3) as a matter of law.[1] *See Randono v. CUNA Mut. Ins. Grp.*, 793 P.2d 1324, 1326-27 (Nev. 1990) (holding insurer was entitled to rescind policy because insured had not disclosed serious high blood pressure on his application and that information was material under § 687B.110(2), and if known, the insurer would have increased premiums under § 687B.110(c)).

"Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract." *Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007) (en banc) (quotation omitted). A "rescinded contract is *void ab initio.*" *Bergstrom v. Estate of DeVoe*, 854 P.2d 860, 862 (Nev. 1993). Consequently, the parties are returned to the status quo before they entered the contract. The policy is void, and 8Force must return the $99,774.66 Scottsdale paid for property damage as a

---

[1] Sections 687B.110(2) and (3), by their plain language, do not require proof of intent to deceive. *See Siefers v. PacifiCare Life Assur. Co.*, 461 F. App'x 652, 654 (9th Cir. 2011).

result of the fire, minus any premiums 8Force paid for the policy. Because the policy is rescinded, Scottsdale has no duty to defend or indemnify. I therefore deny as moot Scottsdale's motion for judgment on its declaratory relief claim.

**B. Misrepresentation**

I deny Scottsdale's motion on its fraud and negligent misrepresentation claims. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386-87 (Nev. 1998) (setting forth elements of these claims). 8Force's members deny they knew of the fire before Baron signed the forms or that they intended to deceive Scottsdale. ECF Nos. 63-4; 63-5; 63-6; 63-7. Scottsdale notes that 8Force's property manager, Donald Lanier, admits he knew about the fire and two of 8Force's members, Lucy Donnelly and Brenda Mollman, admit they knew about a "problem" or "complaint" at the property before 8Force obtained the policy. ECF Nos. 62-2 at 8-9; 62-9 at 13; 62-11 at 7. Scottsdale contends that these agents' knowledge should be imputed to 8Force, and from that I should rule as a matter of law that 8Force intentionally or negligently misrepresented there was no known loss. Given the significance of a fraud claim (including the possibility of punitive damages), and given the possible disconnect between the agents with knowledge (Lanier, Donnelly, and Mollman) and the agent making the representation (Baron), I will not make the leap for the jury that this amounts to fraud under the particular facts and circumstances of this case. That is a matter for the jury to decide. The jury also will have to sort out whether reports of a "problem" or "complaint" at the property put 8Force's members on notice that there was a loss or claim related to insurance.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Scottsdale Insurance Company's motion for summary judgment **(ECF No. 62) is GRANTED in part**. Scottsdale Insurance Company is

entitled to rescind the insurance policy as a matter of law. Scottsdale therefore owes no duty to indemnify or defend under the voided insurance policy. Scottsdale is entitled to recover from defendant 8Force Assets, LLC $99,774.66 that Scottsdale paid for property damage as a result of the fire, minus any premiums 8Force paid on the policy.

DATED this 22nd day of January, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE